# EXHIBIT A

**Pfeiffer, Dawn**

| | |
|---|---|
| **From:** | Miller, Brett |
| **Sent:** | Friday, March 23, 2018 11:48 AM |
| **To:** | carla@aikenslawfirm.com |
| **Cc:** | Connor Gallagher; Rosenfeld, James; Pfeiffer, Dawn; Sarah Westerman |
| **Subject:** | Robinson v. MGM Grand Detroit |
| **Attachments:** | Michigan Department of Treasury Authorization.pdf; Cover Letter - Discovery and Dep Notice 3.23.18.pdf; Robinson v. MGM - MGM First Discovery to Plaintiff.pdf; Notice of Deposition of Robinson.pdf |

Ms. Aikens,

Please see the attached.  Hardcopies will follow by mail.

Thank you.

*Brett J. Miller*
millerbr@butzel.com
313-225-5316



150 West Jefferson Ave. Suite 100
Detroit, MI 48226
Office: 313.225.7000  |  Fax: 313.225.7080
www.butzel.com
Michigan  |  New York  |  Washington, D.C.

**A LexMundi Member**

1



ATTORNEYS AND COUNSELORS

*a professional corporation*

Brett J. Miller
313 225 5316
millerbr@butzel.com

Suite 100   150 West Jefferson
Detroit, Michigan 48226
T: 313 225 7000  F: 313 225 7080
butzel.com

March 23, 2018

<u>Via E-Mail and Regular Mail</u>

Carla D. Aikens, Esq.
Carla D. Aikens P.C
615 Griswold Ste.709
Detroit, MI 48226

Re:   <u>Prince Robinson v. MGM Grand Detroit</u>

Dear Ms. Aikens:

Enclosed please find Defendant's First Discovery Requests to Plaintiff, Notice of Taking Deposition of Plaintiff, Prince Robinson, and Certificate of Service thereof, in the above referenced matter. We have arbitrarily scheduled the deposition for Friday, May 4, 2018 at 10:00 a.m. in our Detroit office.  If this date does not work for you or your client, please feel free to contact me to re-schedule a mutually convenient date and time.

Very truly yours,

Brett Miller

Brett J. Miller

BM/dmp
Enclosure

Ann Arbor   Bloomfield Hills   Detroit   Lansing   New York   Washington D.C.
*Alliance Offices*   Beijing   Shanghai   Mexico City   Monterrey   *Member Lex Mundi*   www.butzel.com

1855736

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRINCE ROBINSON,

      Plaintiff,

v.

MGM GRAND DETROIT, LLC,

      Defendant.

_____/

Case No. 17-CV-13128
Hon. George Caram Steeh

## NOTICE OF TAKING DEPOSITION

To:   Carla D. Aikens, Esq.
     CARLA D. AIKENS P.C
     615 Griswold Ste.709
     Detroit, MI 48226

     PLEASE TAKE NOTICE that Defendants will take the deposition upon oral examination of Plaintiff, Prince Robinson, commencing on Friday, May 4, 2018, at 10:00 a.m., at the offices of Butzel Long, a professional corporation, 150 W. Jefferson, Suite 100, Detroit, MI 48226. This deposition will be taken for the purpose of discovery and/or such other use in said action as authorized under the Court Rules. This deposition will be taken before an officer authorized by the law to administer oaths and will be stenographically recorded, and may be videotaped. The deposition will continue from day to day until completed.

                                     BUTZEL LONG, a professional corporation

                                     *Brett Miller*

By: _____
                   Brett J. Miller (P68612)
               150 W. Jefferson, Suite 100
               Detroit, Michigan 48226
               (313) 225-7000

Dated: March 23, 2018                              millerbr@butzel.com
                                                   Attorneys for Defendant

## CERTIFICATE OF SERVICE

     The undersigned certifies that on March 23, 2018 the foregoing Instrument
was served upon all counsel of record to the above cause via E-Mail and regular
mail.

By: _____
          Brett J. Miller (P68612)
          millerbr@butzel.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRINCE ROBINSON,                          Case No. 17-CV-13128
                                          Hon. George Caram Steeh
      Plaintiff,

v.

MGM GRAND DETROIT, LLC,

      Defendant.

_____/

## DEFENDANT MGM GRAND DETROIT, LLC'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant MGM GRAND DETROIT, LLC ("Defendant") submits the following as its First Interrogatories and Requests for Production of Documents to Plaintiff.

## I. DEFINITIONS AND INSTRUCTIONS

As used in these discovery requests, the following terms shall have the following meanings:

A.    "Person" or "party" includes any individual, corporation, partnership, group, association, union, fraternity, company, sole proprietor, store, establishment, place, firm co-partnership, joint venture, government, governmental department, governmental agency, or any other organization or entity.

B.    "Document" or "writing" includes the original, and any copies or drafts of any writing or recording of whatever kind or nature, however produced or reproduced, including without limitation, by handwriting, email, chat room, instant messages, typewriting, printing, photostating, photography, magnetic impulse, mechanical or electronic recording, or any other electronically stored information (ESI) or means of preserving or recording in any tangible form of any communication or representation, including, without limitation, any correspondence, records, schedules, tables, charts, drawings, reports, memoranda, papers, notes, letters, telegrams, orders, messages (including reports of telephone conversations and conferences), minutes, meeting notes, contracts, agreements, books, ledgers, vouchers, diaries, journals, logs, calendar notations, computer programs, computer printouts, articles, essays, studies, proposals, manuals, work sheets, summary sheets, press clippings, publications, newsletters, diagrams, photographs, transcripts, microfilms, microfiches, audio and/or visual recordings, and any other data compilation written, printed or recorded in any tangible form of any kind, from which information can be obtained or translated through any means.

C.    Electronically stored information (ESI) that is responsive to these requests should be produced in "native file format," which is the format of the document's original software application.    To the extent Plaintiff refuses to

2

produce such documents in native format, and produces them in an alternative format, Defendants reserves the right to address such refusal with the Court.

D.    "Meeting" includes any formal, informal, personal, telephonic or visual meeting or computer conference between any two or more individuals, including, without limitation, any conference, discussion, conversation, communication, negotiation, incident, event, or any other interaction or exchange.

E.    "You", "yours" and "Plaintiff" mean Plaintiff **PRINCE ROBINSON** including, without limitation, any and all of her present and former employees, agents, representatives, servants, sureties, indemnitors, attorneys, predecessors, successors, assigns, and all other persons acting on Plaintiff's behalf or in Plaintiff's interest.

F.    In answering these interrogatories furnish all information available to you, including all information that can be obtained by you from your present and former agents, servants, employees, representatives, attorneys, sureties, indemnitors, and any other person who has acted on your behalf or in your interest, and from any other source available to you.

G.    In answering these interrogatories omit no information or details. We will assume that where information is not stated it does not exist, and that where detail is missing, it cannot be provided. We will request that the Court order that any information or detail you have not furnished in your answers or in

3

supplemental answers cannot thereafter be used by you in this matter as evidence or otherwise.

H.      If you cannot answer any interrogatory in full, answer the interrogatory as completely as possible and describe in detail all the reasons for your inability or failure to answer completely.

I.      If you refuse to supply any information or document because of a claim of confidentiality, privilege, or any other protection from disclosure, answer the remainder of the interrogatory, state the basis of your claim of protection, and identify the information or document as fully as possible without destroying the asserted protection from disclosure or conveying information which might support a waiver of or the non-existence of the protection (e.g., identify each person who has had access to some or all of the material or information which you have refused to produce).

J.      Where you are requested herein to specify a date, state the day, month and year, and if not known, the best approximation thereof, including the relationship of the date to any other facts which may indicate more precisely the date.

K.      Where you are requested herein to "identify" any person or entity, provide:

1.      Full and correct name and aliases, if any;

2.      Any other names by which it is known or which it uses;

4

3.    A description of the type of entity (e.g., corporation, partnership, individual);

4.    Complete business address(es);

5.    Last known business address(es) if current business address is not known;

6.    If an individual, complete current home or residential address;

7.    Last known home or residential address if current home or residential address is not known;

8.    Business, and if an individual, home telephone number(s) where said person can be reached.

L.    "Medical benefits" as used in these interrogatories shall mean any type of medical, dental, optical or other insurance coverage for any type of mental or physical malady or condition.

M.    These interrogatories are continuing in nature and demand is hereby made that any further or different information or answers not available to Plaintiff at the time of the response to this discovery and which later become known to Plaintiff, her attorneys or agents, directly or indirectly, shall forthwith be provided under oath, and the interrogatories answered fully and completely at the time such information or answers become available to Plaintiff.

N.    In accordance with the Federal Rules of Civil Procedure, Plaintiff shall serve upon Defendant's attorneys, within thirty (30) days of service of these interrogatories, answers in writing, duly signed under oath. Documents requested for production shall be produced as they are kept in the normal course of business

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

5

or they shall be organized and labeled so as to correspond with the categories of the request.

## II. INTERROGATORIES

1.     For each and every source of income that Plaintiff has received from January 1, 2016, through and including the present and continuing until the date of trial of this action, provide the following information: Position or job title, if applicable; name, address, and phone number of employer or provider of income; the monthly rate of pay or amount of income (past, present and future) and fringe benefits, if any; and dates of employment or receipt of income.

ANSWER:

2.     Please set forth the name of each and every employer with whom you have applied for employment since your termination from Defendant. Include the name and address of the employer, whether you received an offer of employment, and whether you accepted the offer of employment and your rate of pay and benefits. If you did not receive an offer of employment and you were given a reason as to why, please set forth that reason verbatim or if it was in writing attach a copy to your answers to these interrogatories.

ANSWER:

6

3.     For any lawsuit, bankruptcy action, legal or administrative proceeding in which you were or currently are a plaintiff, defendant or charging party, provide the names of parties and type of lawsuit, bankruptcy action or proceeding.

<u>ANSWER</u>:

4.     Identify and describe all communications that Plaintiff (and/or Plaintiff's counsel) has had with any former or current employee, agent, or representative of MGM Grand Detroit from October 29, 2016, to the present, and for each person identified, please provide the following information:

    a.  the date(s) of the communication(s);

    b.  the method of each communication (*i.e.*, e-mail, in-person meeting, telephone, etc.);

    c.  whether any notes were taken during each communication; and

    d.  whether that person with whom Plaintiff communicated provided a written statement.

<u>ANSWER</u>:

5.     Identify all e-mail addresses and telephone/cell phone numbers that Plaintiff has used and/or to/from which Plaintiff has sent or received electronic

7

mail, text messages, or other electronic information, including, but not limited to, photographs and video, and identify all corresponding internet, cellular, and telephone service providers from which Plaintiff has obtained service at any time in the previous five (5) years.

**ANSWER:**


6. Identify the type, location and number of electronic devices (including desktop computers, laptop computers, cell phones and other electronic devices used to access the internet, e-mail and/or stored documents) to which Plaintiff had access and used at any time in the previous five (5) years including but not limited to the cell phone and/or smart phone primarily used from September to December 2016 and whether the device is still in Plaintiff's possession.

**ANSWER:**


7. For any clergyman, psychologist, psychiatrist, social worker, therapist, doctor, marriage counselor or other health care professional that you have sought, received or participated in treatment from in the last (ten) 10 years, identify the name and address of the health care professional, organization, or treatment facility. Please include in this answer, but do not limit it to, counseling

8

due to physical illness, emotional illness, mental illness, drug abuse, substance abuse or alcohol abuse.

<u>ANSWER:</u>

8.    For any medication that you are now taking or that is currently being prescribed to you for treatment of a physical, emotional or mental illness, injury or condition, state its name; and the name of the prescribing physician, if any.

<u>ANSWER:</u>

9.    With respect to each of your allegations of claimed damages, including but not limited to, economic, compensatory, punitive, exemplary or emotional, state the nature of or basis for every type of damages claimed and separately for each type provide the following information:

    a.    The precise amount of damages claimed;

    b.    The means by which you derived said amount including formulas used, dates or periods of time over which amounts were calculated, expenses incurred, etc.;

    c.    The means by which you intend at trial to establish the type and amount of claimed damages;

    d.    The identity (name, address, telephone number, current employer, relation to you) of each person you intend to call or may call as a witness at trial to testify regarding said type and amount of claimed damages and for each such person indicate:

9

i.   The precise subject matter of anticipated testimony; and

ii.  Whether you have a written statement from said person relating to anticipated testimony or any fact in issue in this litigation.

e.   The nature, date, author, addressee, and subject matter of each document or tangible thing you rely upon in support of said type and amount of claimed damages or which you intend to or may introduce at trial in this case.

**ANSWER:**

9.      If you have used e-mail, other web-based communication services [i.e. instant messages, chat rooms, web logs ("blogs"), social networks, etc.] or text messaging to communicate with anyone or any entity or on a subject in any way related to your work with Defendant, or any of your claims or damages alleged in this lawsuit, then state the name of each e-mail service provider (i.e. Google, Yahoo, Hotmail, MSN, AOL, etc.) you have used to send or receive such communications, the name of each web-based communication service provider [i.e. public blogs, news blogs (LinkedIn, Facebook, Google, MySpace, Classmates.com, Twitter, Vine, etc.)] you have used for such communications, and the name of each text messaging service provider (AT&T, Verizon Wireless, T-Mobile, etc.) for all text messages you have sent or received for such communications.  For each provider identified above, state the following: The E-mail address, the full URL (Uniform Resource Locator, a/k/a the "web address")

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

or Facebook profile, or the texting number (a/k/a the cell phone number) used to have the communication; your unique friend ID; the email associated with each social networking site; the screen names you have used on each such website; the address associated with each social networking site, including zip code; the date the account or subscription with the provider was created and the date it was terminated, if any.

ANSWER:


10.    Identify any and all managers or supervisors to whom you reported any of the allegedly unlawful behavior as alleged in your Complaint—including the date(s) of these communication(s) and the method of each communication (*i.e.*, e-mail, in-person meeting, telephone, etc.).

ANSWER:


## III. DOCUMENTS TO BE PRODUCED

1.    Any and all documents, records, or papers in any way pertaining to Plaintiff's employment with Defendant, including all documents relied upon, consulted or used to support each claim and allegation contained in Plaintiff's Complaint and documents which Plaintiff maintains in any way support or relate

11

to any claim or allegation contained in the above-referenced Counts of the Complaint.

**RESPONSE:**

2.      All documents related to any lawsuits, arbitrations or administrative proceedings in which the Plaintiff was a named party.

**RESPONSE:**

3.      Any and all notes, recordings, memoranda, audio or video recordings including personal notes, diaries, electronic mail messages, and any other writings prepared by or in the possession of Plaintiff or in which Plaintiff discussed, recorded or documented any events, statements, conversations, meetings, telephone calls, occurrences, opinions, feelings or mental impressions relating to Defendant, Plaintiff's employment with Defendant, and/or the events alleged in Plaintiff's Complaint.   If any of the above-described documents is stored electronically, produce in native file format as requested in the Definitions and Instructions above.

**RESPONSE:**

4.      Produce any and all documents or correspondence relating to charges filed by Plaintiff with the Michigan Department of Civil Rights, the Equal

12

Employment Opportunity Commission, the IRS, the NLRB or United States Department of Labor in connection with Plaintiff's employment with Defendants, Plaintiff's claims against Plaintiffs Union, or grievances filed against Defendant by Plaintiff's Union, including those you received from any such entity.

RESPONSE:

5.    Produce all federal, state or local tax returns filed by Plaintiff or on her behalf, including without limitation, all W-2's, 1040's and all schedules or attachments thereto from 2010 through and including the present.

RESPONSE:

6.    Any and all documents, records and papers reflecting, establishing or documenting any medical treatment, including any psychiatric or psychological treatment, Plaintiff has received in the past ten (10) years.

RESPONSE:

7.    Any and all documents, records and papers documenting out-of-pocket expenses and the amount of any other damages Plaintiff is alleged to have incurred as the result of the acts complained of in her Complaint.

RESPONSE:

8.    Any and all exhibits which the Plaintiff intends to offer at the trial of this action.

**RESPONSE**:

9.    All statements, summaries of statements, audio or visual recordings or affidavits Plaintiff has obtained pertaining to the subject matter of Plaintiff's Complaint, including, without limitation, any witness statements.

**RESPONSE**:

10.    Any personnel files, records, or other documentation that Plaintiff maintained in relation to her employment with Defendant.

**RESPONSE**:

11.    Any and all documents that discuss, support or pertain to Plaintiff's allegations that Plaintiff suffered mental, emotional and physical distress as a result of Defendant's alleged actions.

**RESPONSE**:

12.    All documents that in anyway relates to MGM Grand Detroit, including but not limited to all documents Plaintiff sent to or received from MGM Grand Detroit or which regard any of MGM Grand Detroit's employees.

14

**RESPONSE**:


13.    Produce any documents that support Plaintiff's response to Interrogatory No. 4.

**RESPONSE**:


14.    Execute the attached HIPAA release for each health care professional, organization or treatment facility identified in Interrogatory 6. Each form may be duplicated as necessary.

**RESPONSE**:


15.    For the social networking sites, public blogs, e-mail or web-based communication services [i.e. instant messages, chat rooms, web logs ("blogs")] identified in response to Defendant's Interrogatory No. 9, produce electronic copies of:

   (a)    Your complete profile on Facebook, MySpace, LinkedIn, Twitter, Instagram, Vine Camera, Classmates, Wordpress, Tumblr and all other media sharing sites (including all updates, changes, or modification to your profiles) and all status updates, messages, wall comments, cause(s) joined, groups joined, activity streams, blog entries, details, blurbs, comments, and applications (including, but not limited to, "How well do you know me," "SuperPoke" and similar others) which relate in any way to your work with any Defendant, your application for employment with any Defendant, your denial of employment with any Defendant, or any of your

15

claims or damages alleged in this lawsuit.  With respect to any Facebook account you may have, produce a copy of your Facebook account as provided through the "Download Your Information" functions.  See below*.

(b)    All photographs or videos posted by you, by anyone on your behalf, or photographs which you have been "tagged" in on Facebook, MySpace, Tumbler, Instagram, LinkedIn, or any other media site that relate in any way to your assignment at any Defendant, your application for employment with any Defendant, your denial of employment with any Defendant, or any of your claims or damages alleged in this lawsuit.

(c)    Copies of your emails, email forwards, replies to emails, instant messages, chat room posts, profile posts, "wall" posts, web log/blog entries or comments that relate in any way to your assignment at any Defendant, your application for employment with any Defendant, your denial of employment with any Defendant, or any of your claims or damages alleged in this lawsuit.

To the extent electronic copies are not available, provide paper documents.

* With respect to any Facebook account you may have, there is an application associated with some accounts that will let you easily download all information you have posted on Facebook, entitled "Download Your Information."  To do this, log into your Facebook account using your email and personal password. From your Facebook page, go to "Account," then "Account Settings."  Click on the "learn more" link beside the "Download Your Information," then click the "Download" button.

**RESPONSE**:

16

16.  Please execute the attached authorizations.  Each form may be duplicated as necessary.

**RESPONSE**:

BUTZEL LONG, PC

By:_____

Brett Miller (68612)
James S. Rosenfeld (P39434)
150 W. Jefferson, Suite 100
Detroit, Michigan  48226
(313) 225-7000
millerbr@butzel.com
rosenfeld@butzel.com
Attorneys for Defendant, MGM
Grand, LLC

Dated: March 23, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 23, 2018 the foregoing Instrument was served upon all counsel of record to the above cause via E-Mail and regular mail.

_____
Brett J. Miller (P68612)

17

### HIPAA Privacy Authorization
### for Disclosure of Protected Health Information
### Relevant to Litigation, Pending Claims or Intent to Sue

Patient's Name: _____

Address: _____ Date of Birth _____

1. I make this Authorization for the purpose of copying records in connection with a lawsuit or claim to which I am a party.

2. This authorization is directed to and applies to protected health information maintained by (hospital, physician, medical provider, etc.):

_____

_____

_____

3. I hereby authorize the above, its director, administrative and clinical staff or assignees, medical information services and billing departments to release any and all medical records and information from my date of birth to the present unless specified otherwise, relating to my care and treatment including x-rays, photographs, electronic and digital files and any other records, unless I expressly direct or specify otherwise. I understand that medical information may include records, if any, relating to treatment for alcohol and drug abuse protected under the regulations in 42 C.F.R. Part 2; psychiatric/psychological services and social work records and any information regarding communicable diseases and infections, defined by Michigan Department of Public Health rule, which can include tuberculosis, venereal diseases, sexually transmitted diseases, acquired immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV) or ARC.

4. This information is to be released for copying purposes to **BUTZEL LONG** or their agent, **RECORD COPYING SERVICES.**

5. I understand that information used or disclosed pursuant to this authorization may be disclosed by the recipient and may no longer be protected by the Federal Privacy Rules.

6. This authorization shall be in force and in effect until the conclusion of the pending litigation or claim unless otherwise specified.

7. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and send it to the hospital, doctor, or other custodian of medical information. I understand that the revocation will not apply to information that has already been released in response to this authorization.

8. I understand that authorizing the release of this health information is voluntary and that I need not sign this form in order to ensure health care treatment, eligibility for benefits, payment of health plan enrollment.

9. A copy of this authorization is as valid as the original.

**All pertinent sections of this form must be completed before signing.**

Subscribed and sworn to before me     X_____

on _____, 20_____     **Signature of Patient or Legal Representative**

_____Notary     _____

_____County, MI     **Print Name of Patient or Legal Representative**

My commission expires: _____

_____

**Description of Legal Representative's Authority or Relationship**

**AUTHORIZATION FOR RELEASE OF**
**EMPLOYMENT RECORDS AND INFORMATION**

TO:

     This will authorize and request you to permit any representative of the law firm of Butzel Long to examine any and all of your records relating to employment of **PRINCE ROBINSON**, including payroll records, personnel records, pre-employment applications, records regarding physical examinations and/or drug tests, performance appraisals, W-2s, benefit enrollment applications, insurance policies, and any further information which may be available to you, and to discuss the same with you.

     You are further authorized to provide any representative of Butzel Long with a copy of any and all such records and materials.

     A photostatic copy of this authorization shall be considered as effective and valid as the original.


_____

**PRINCE ROBINSON**

Social Security Number: _____

Date of Birth: _____


Subscribed and sworn to before me
this _____ day of _____, 20_____.

_____
NOTARY PUBLIC
County of _____, Michigan
My commission expires: _____

19

## AUTHORIZATION FOR RELEASE OF
## EDUCATIONAL RECORDS AND INFORMATION

TO:

   This will authorize and request you to permit any representative of the law firm of Butzel Long to examine any and all of your records relating to the education of **PRINCE ROBINSON,** including all lists of courses completed, grades received, reports regarding physicals and/or drug tests, reports and notes regarding counseling received, reports and notes regarding disciplinary actions, any and all items contained in her student files and any further information which may be available to you, and to discuss the same with you.

   You are further authorized to provide any representative of Butzel Long with a copy of any and all such records and materials.

   A photostatic copy of this authorization shall be considered as effective and valid as the original.


_____

**PRINCE ROBINSON**

Social Security Number: _____

Date of Birth: _____


Subscribed and sworn to before me
this ____ day of _____, 20_____.

_____

NOTARY PUBLIC
County of _____, Michigan
My commission expires: _____

20

Michigan Department of Treasury
Form 4095 (Rev 03-12)

# Request and Consent for Disclosure of Tax Return and Tax Return Information

Issued under authority of Public Act 122 of 1941, MCL 205.1

The Revenue Act, Public Act 122 of 1941, MCL 205.28(1)(f), makes all information acquired in administering taxes confidential. The Michigan Department of Treasury recoups cost for preparing copies of tax returns or tax return information requested by local units of government or other third parties. Taxpayers may receive copies of their personal tax returns at no charge. The current fee schedule is listed below (see Part 3).

## PART 1: TAXPAYER INFORMATION

Enter the name of the individual or business, address and account number for which the tax information is being requested.

| Taxpayer Last Name | First Name | MI | Social Security Number or FEIN | Telephone Number |
|---|---|---|---|---|
| Secondary Taxpayer Last Name | First Name | MI | Social Security Number or FEIN | Telephone Number |

| Address (Street) | City | State | ZIP Code |
|---|---|---|---|

Tax Type

[X] Income Tax    [ ] Single Business Tax    [ ] Sales, Use and Withholding    [ ] _____

| Tax year(s) | Tax Forms |
|---|---|

## PART 2: AUTHORIZATION

I authorize the State of Michigan, Department of Treasury to furnish tax returns and/or tax return information specified in Part 1 to the appointee listed below. This authorization expires in six months and is not a substitute for a formal Power of Attorney, Form 151.

| Appointee Name | E-mail Address | Telephone Number |
|---|---|---|
| RECORD COPY SERVICES | | (734) 591-4100 |

| Address (Street) | City | State | ZIP Code |
|---|---|---|---|
| 18136 LAUREL PARK DRIVE NORTH, S-200 WEST | LIVONIA | MI | 48152 |

| Taxpayer's Signature | Date |
|---|---|
| Taxpayer's Signature | Date |

## PART 3: FEE SCHEDULE

Local units of government or other third parties must pay the fee described here. Taxpayers may receive copies of their personal tax returns at no charge. Payment for tax return information must accompany the request. Make checks payable to the State of Michigan and write index code #24152 on the check.

| First Year | $ 5.00 | $5.00 |
|---|---|---|
| Additional Year(s) | $ 3.00 X _____ | $ . |
| | FEE TOTAL | $ . |

Submit your request with payment to the following address:
Office of Privacy and Security, Disclosure Unit
Michigan Department of Treasury
430 W. Allegan St.
Lansing, MI 48922
**Please allow 60 days for processing your request.**
Telephone: (517) 636-4239
E-mail: Treas_Disclosure@michigan.gov

## Treasury Use Only (to be completed by Disclosure Officer)

1. [ ] The attached information is furnished for tax year(s) _____
2. [ ] No record of filing a return for tax year(s) _____
3. [ ] The account number submitted needs to be verified for accuracy.
4. [ ] The account number provided is being used by another taxpayer.
5. [ ] Other _____

| Fee Received | Fee Paid in Full | Fee Due |
|---|---|---|
| Disclosure Officer Approval | | Date Completed |