UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRINCE ROBINSON,

    Plaintiff,               Case No. 17-CV-13128

v.                              HON. GEORGE CARAM STEEH

MGM GRAND DETROIT, LLC,

    Defendant.
_____/

ORDER OVERRULING OBJECTIONS (Doc. 28) TO
MAGISTRATE JUDGE'S DISCOVERY ORDER (Doc. 27)
AND DENYING PLAINTIFF'S MOTION TO STAY
MAGISTRATE JUDGE'S ORDER AS MOOT (Doc. 33)

      Plaintiff, who worked as a valet attendant for Defendant MGM Grand Detroit, LLC for fourteen years prior to his termination, brings this employment discrimination case alleging race and disability discrimination under Title VII, the Americans with Disabilities Act, and in retaliation for taking medical leave under the Family and Medical Leave Act ("FMLA"). Defendant sought certain electronically-stored information from Plaintiff which he refused to produce. Defendant then filed a motion to compel which Magistrate Judge Mona K. Majzoub granted and awarded costs and attorneys' fees. Judge Majzoub also denied Plaintiff's motion to strike

- 1 -

Defendant's reply brief, and denied Plaintiff's motion to extend discovery. Plaintiff now appeals that order in total.

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority "to hear and determine [most] pretrial matter[s] pending before the court." Parties may object to such orders within fourteen days. *See* Fed. R. Civ. P. 72(a). Upon receiving objections to a non-dispositive order, "[t]he district court in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." *Id. See also* 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous" when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Magistrate Judge Majzoub ruled that the electronic discovery sought, as limited in Defendant's motion to compel, was relevant to the question of (1) his alleged disability, his FMLA time, and after-acquired evidence of his potential FMLA abuse, (2) his claim for emotional damages, and (3) his efforts to mitigate his wage loss. Plaintiff argues that Magistrate Judge Whalen's decision in *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387 (E.D. Mich. 2012) supports the conclusion that the information sought from

his private social media accounts is not discoverable. In *Tompkins*, a slip and fall action, the court held that plaintiff's entire Facebook account was not discoverable where there was no threshold showing that Plaintiff was exaggerating her injuries, and thus, defendant failed to show that the requested information was reasonably calculated to lead to the discovery of admissible evidence. *Id.* at 388-89. By contrast, in this case, Defendant has limited the discovery sought to Plaintiff's Facebook, Google Photo, and Google location date for the limited time period that Plaintiff alleges he needed FMLA leave and was unable to work. Also, in its motion to compel, Defendant relied on gym records which suggested that Plaintiff was working out while on FMLA leave. Under these circumstances, Defendant has demonstrated that the limited social media posts to be produced are relevant and proportional to the needs of the case insofar as they relate to Plaintiff's activities while out of work. Accordingly, the magistrate judge's ruling compelling Plaintiff to produce social media posts during the limited time period he was out of work on medical leave was not clearly erroneous or contrary to law. Moreover, the order provided that any sensitive or personal information could be protected by entry of a joint protective order.

Plaintiff also relies on recent Supreme Court decisions in the criminal context holding that a warrant is generally required before a cell phone's

digital contents may be searched and seized, *Riley v. California*, 134 S. Ct. 2473, 2485 (2014), or that a warrant is generally required for cell phone location records. *Carpenter v. United States*, 138 S. Ct. 2206, 2221 (2018). These cases are irrelevant to the question of what information is discoverable in civil cases where a plaintiff or defendant often makes his or her social media activity relevant to the case.

Next, the court considers Plaintiff's objection to the order's award of attorney fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). Under that Rule, if the court grants a Rule 37 motion to compel, sanctions are mandatory unless the successful party did not confer in good faith before filing the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Here, the magistrate judge found that Plaintiff's position was not substantially justified and that none of the other exceptions applied. In his objections, Plaintiff has failed to show that the magistrate judge's ruling was clearly erroneous or contrary to law. Accordingly, the magistrate judge's order requiring Plaintiff to pay attorneys' fees and costs incurred in the filing of Defendant's motion to compel shall be affirmed.

Next, the court considers Plaintiff's objection to the magistrate judge's denial of his motion to strike Defendant's reply or to allow Plaintiff to file a

sur-reply.  The magistrate judge ruled that the evidence and allegations presented by Defendant in its reply brief were not new arguments but were merely responsive to the arguments raised in Plaintiff's response, and in any event, were immaterial to its determination to grant Defendant's motion to compel.  Accordingly, the magistrate judge's ruling was not clearly erroneous or contrary to law.

Finally, the court considers Plaintiff's objection to the magistrate judge's denial of his request to extend the discovery deadline.  Plaintiff has failed to demonstrate excusable neglect for his failure to timely submit discovery requests to Defendant.  Accordingly, the magistrate judge's ruling shall be affirmed.

Accordingly, IT IS ORDERED that Plaintiff's objections (Doc. 28) to the magistrate judge's opinion and order (Doc. 27) are OVERRULED and the order is AFFIRMED.

IT IS FURTHER ORDERED that Defendant's request for sanctions for responding to Plaintiff's appeal of the magistrate judge's order (Doc. 31 at PgID 686) is DENIED.

IT IS FURTHER ORDERED that Plaintiff produce all documents and electronically-stored information within his possession, custody, or control responsive to Defendant's Requests for Production nos. 15, 17, and 20, as

amended, and Requests for Production nos. 21 and 22, within twenty-one (21) days of the entry of this order.

IT IS FURTHER ORDERED that Plaintiff pay Defendant's reasonable expenses and attorney's fees associated with Defendant's motion to compel (Doc. 14).

IT IS FURTHER ORDERED that Defendant submit a Bill of Costs supported by an affidavit of counsel that meets the requirement of Local Rule 54.1.2(b) within twenty-one (21) days of the entry of this order.

IT IS FURTHER ORDERED that Plaintiff's motion to stay the Magistrate Judge's order (Doc. 33) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated:  January 17, 2019

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 17, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk